**BROWN v. SHAFFER et al.**

No. 1494.

Municipal Court of Appeals for the District of Columbia.

Argued June 28, 1954.

Decided July 28, 1954.

Rehearing Denied Sept. 20, 1954.

Edward L. Genn, with whom Nathan M. Brown and Benjamin B. Brown, Washington, D. C., were on the brief, for appellant.

Paul Lee Sweeny, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

The question is whether the trial court was right in directing a verdict for defendant in a suit for an attorney's fee.

The attorney's claim as developed by his own testimony was that at the request of the appellees, Mr. and Mrs. Shaffer, he had agreed to file court proceedings in Arlington, Virginia, to contest the will of the mother of appellee, Lester Shaffer; that his fee was to be one-third of the Shaffers' one-half share of the gross estate; that he successfully prosecuted the suit in the Virginia court and that defendants refused to pay the agreed fee.

At the conclusion of plaintiff's case, defendants moved for an instructed verdict on the grounds (1) that the contract was against public policy and therefore void, and (2) that plaintiff had failed to establish the amount which he was entitled to recover. The trial judge sustained the motion on both grounds and directed a verdict for defendants.

In considering the attorney's appeal we have given our first attention to the second ground: plaintiff's failure to establish the amount he was entitled to recover. We have decided that the ruling on that contention was correct; hence we need not consider the other question as to whether the contract was against public policy.

3. See Shenk v. Gaudet, D.C.Mun.App., 83 A.2d 672.

The record, after reciting that plaintiff was to receive a contingent fee of one-third of Mr. and Mrs. Shaffers' one-half share of the gross estate and that he had succeeded in breaking the will, recites his testimony as follows: "That he [appellant] *had heard* that the property involved in the will contest was finally sold for $6,000 and that defendants' share would have been $3,000 * * * and that, therefore, plaintiff's fee was one-third of this $3,000 less the agreed retainer; on cross-examination plaintiff stated that he *assumed* that certain settlement and other expenses were charged against the gross sale price of the property before the proceeds derived from the sale were transferred or paid into the estate. However, plaintiff did not know the exact amount by which the sale price had been diminished; that the plaintiff examined the Court records of Arlington County and ascertained that the Court had approved the distribution by Paul Lee Sweeny, * * * that the plaintiff met Mr. Sweeny *who stated that the shares had not yet been distributed* in spite of the court records to the contrary." (Emphasis supplied.)

 The testimony just recited constituted all the evidence from which the amount of appellant's claim might have been computed. We think it was utterly insufficient and furnished no basis for recovery. If the property had actually been sold and distribution made, it would have been a simple matter to prove the completion of such transaction and the amounts involved by the records of the Virginia court,[1] or by persons having direct knowledge of the facts. A mere hearsay report from an unidentified informant cannot be regarded as proof either of the fact of sale or of the amount derived therefrom. If the statement could be said to have even slight probative value, such value was neutralized, if not wholly destroyed, by appellant's admission that opposing counsel had told him that the shares in the estate had not been distributed.

Thus there is no escaping the conclusion that appellant failed to make out a prima facie case, for even viewed in a most favorable light, his evidence established nothing on the question of the value of the estate or the clients' share therein. It would have been clear error to submit the case to the jury.

Appellant makes much of the fact that the trial judge in telling the jury that he had decided to direct a verdict mentioned only the validity of the contract and not the question of amounts. While that is true, the statement of evidence expressly states that the motion for directed verdict was made on the two grounds we have mentioned, and that "the Court considered both grounds and stated to counsel its conclusion that both were valid."

Affirmed.

1. Though at pretrial it was stipulated that carbon copies in two Virginia court proceedings were to be admitted in evidence without formal proof, there is nothing in the record to indicate that any of such papers were ever offered at the trial; they were not designated as part of the record on this appeal, nor are any such papers to be found as exhibits in the original file of the trial court.